# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-601V

Filed: March 7, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| LORI A. HEAGNEY, *as Administrator* | * | |
| *and Legal Representative of the Estate* | * | |
| *of* ERIC HEAGNEY, *Deceased*, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ramon Rodriguez, III, Esq.*, Sands Anderson PC, Richmond, VA, for Petitioner.
*Justine Walters, Esq.*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 23, 2016, Eric Heagney ("Mr. Heagney") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Mr. Heagney passed away on March 13, 2017, and on February 28, 2018, Lori Heagney ("Mrs. Heagney" or "petitioner") was substituted as legal representative for his estate. ECF Nos. 30-32. Petitioner alleged that Mr. Heagney's previously stable Pure Red Cell Aplasia ("PRCA") was exacerbated manifesting as a recurrence of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

profound anemia as a result of receiving an influenza vaccination on September 12, 2014. Petition, ECF No. 1. On April 30, 2018, petitioner filed an unopposed Motion to dismiss the petition, and on May 1, 2018, the undersigned issued her Decision dismissing the petition for lack of evidence. ECF No. 35

On December 3, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 40 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $72,113.92. Fees App at 6. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any expenses in pursuit of this litigation. *Id.* at 11. Respondent responded to the motion on December 10, 2018, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. ECF No. 41. Petitioner filed a reply on December 17, 2018, reiterating her belief that the requested attorneys' fees and costs was reasonable. ECF No. 42.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although petitioner was not successful in pursuing her claim, the undersigned finds that both elements have been met. First, the undersigned does not doubt that Petitioner brought her claim in a good-faith belief that Mr. Heagney's vaccination played a causal role in his injury. Additionally, the claim possessed sufficient objective support to meet the second half of the reasonable basis test, and Respondent has not challenged the reasonable basis of the claim. Accordingly, a final award of attorneys' fees and costs is proper.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

2

### a. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests that her attorney, Mr. Ramon Rodriguez, be compensated at the following rates: $348.00 per hour for work performed in 2014, $361.00 per hour for work performed in 2015, $375.00 per hour for work performed in 2016, $383.00 per hour for work performed in 2017, and $394.00 per hour for work performed in 2018. Fees App. at 5. Petitioner also requests that another attorney, Ms. Elizabeth Muldowney, be compensated for her work performed on the case in 2015 at $333.00 per hour, and that paralegals be compensated at rates ranging from $131.00 - $149.00 per hour. *Id.* These rates are consistent with what Mr. Rodriguez and his associates have previously been awarded. Accordingly, no adjustment to the requested rates is required.

### b. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424,

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

During the pendency of this matter, Petitioner's counsel, Mr. Rodriguez, switched law firms from the Rawls Law Group to Sands Anderson PC, his current place of employment. Because this move affects the ultimate payment of attorneys' fees and costs, petitioner has provided a breakdown of hours billed and costs incurred for both Rawls Law Group and Sands Anderson PC, which the undersigned will consider separately.

Starting with the hours billed for Rawls Law Group, the undersigned finds the hours to be largely reasonable, but a small reduction is necessary due to paralegals billing for administrative tasks, such as organizing and formatting documents and otherwise preparing them for filing. *See generally* Fees App. Ex. 2 (examples include entries on 5/4/15, 9/3/15, 2/9/16, 5/31/16, 8/23/16, 8/25/16, 8/29/16, 9/29/16, 1/27/17, 3/30/17). Additionally, Mr. Rodriguez and paralegals billed for review of CMECF notifications, even when those notifications were prompted by Petitioner's own filings. In the undersigned's experience, even billing 0.1 hours for review of such notifications is likely excessive. *See Foster v. Sec'y of Health & Human Servs.*, No. 15-352V, 2018 WL 7286512, at *3 (Fed. Cl. Spec. Mstr. Dec. 21, 2018). Accordingly, the undersigned will reduce the amount of fees awarded to Rawls Law Group by **$1,500.00**

Turning next to the hours billed by Mr. Rodriguez and paralegals at Sands Anderson PC, the undersigned finds those hours to be largely reasonable too, although the aforementioned issue for billing for review of routine CMECF notices is still present. To account for this, the court will reduce the award of fees by **$280.00**.

### c. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests

a total of $11,959.33 in costs for Rawls Law Group, which includes obtaining medical records, mailing costs, the Court's filing fee, and records review performed by two experts, Dr. Eric Gershwin and Dr. Yehuda Shoenfeld. Fees. App. Ex. 2. The undersigned has reviewed these costs and finds them all to be reasonable, and Petitioner has provided adequate documentation supporting all of these costs. Accordingly, they shall be reimbursed in full.

Petitioner also requests total costs of $1,395.59 incurred by Sands Anderson PC for attorney work performed in order to establish Petitioner as administrator of Mr. Heagney's estate. Fees App. at 5-6. Because establishing Petitioner as administrator of the estate was necessary in order to proceed with the case, the undersigned finds this cost reasonable and shall also award it in full.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

1) **A lump sum in the amount of $56,053.13, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Rawls Law Group; and**

2) **A lump sum in the amount of $14,280.79, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Sands Anderson, PC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).